IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Norman Robinson,

          Plaintiff,      Case No. 1:19-cv-05295

v.                              Michael L. Brown
                                United States District Judge

Bird Rides, Inc.,

          Defendant.

_____/

**OPINION & ORDER**

Plaintiff Norman Robinson filed this negligence action against Defendant Bird Rides, Inc., an electric scooter company, after he collided with one of its unmanned scooters and broke his hip. (Dkt. 1-1.) Defendant moves to dismiss, arguing it can place scooters around the city as it pleases, fail to provide docking stations where customers can return scooters after use, not include any lights or reflectors to make scooters more visible when strewn about the roadway by carefree customers, and avoid liability to Plaintiff because it owed him no legal duty. (Dkt. 4 at 1.) Georgia law supports Defendant's argument, and the Court grants its motion.

## I.   Factual Background

One night around dusk, Plaintiff Norman Robinson was riding his bicycle through downtown Atlanta.  (Dkt. 1-1 ¶ 5.)  He ran over one of Defendant's scooters lying abandoned in the street, lost control of his bike, fell to the pavement, and broke his hip.  (*Id.* ¶¶ 5–7.)  Defendant's scooter was painted black and had no reflector or light to make it more visible to someone riding on the road.  (*Id.*)

Plaintiff sued Defendant in Georgia state court for negligence, seeking damages for his injuries, which required surgery and months of physical therapy.  He claims Defendant breached its duty of care by "failing to equip its products with warning lights or reflectors." (*Id.* ¶ 9.) He claims Defendant should have foreseen that users would leave its scooters in roadways and thus Defendant breached its duty of care by failing to prevent such a danger and also by failing to prevent minors from handling the scooters.  (*Id.* ¶¶ 13, 16.)  Defendant removed the case to federal court and now seeks dismissal.  (Dkts. 1; 4.)

## II.   Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, a court accepts all well-pleaded facts as true, and construes all reasonable inferences in the light most favorable to the plaintiff as the nonmovant. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555. Dismissal is proper where the law does not permit the plaintiff to recover. *Smith v. United States*, 873 F.3d 1348, 1351–53 (11th Cir. 2017).

And at the motion to dismiss stage, a court considers only those factual allegations in the complaint itself. *See St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (noting that a court's review is "limited to the four corners of the complaint"). When determining whether a plaintiff's complaint survives a motion to dismiss, then, a court considers only the well-pled factual allegations in the complaint and not

3

facts or legal conclusions presented for the first time in briefing. *See Morgan v. Dick's Sporting Goods, Inc.*, 359 F. Supp. 3d 1283, 1292 (N.D. Ga. 2019).

## III. Discussion

### A.  Plaintiff's Negligence Claims

Plaintiff asserts three negligence claims: (1) failure to equip scooters with warning lights or reflectors; (2) failure to prevent scooters from remaining in roadways; and (3) failure to prevent minors from handling scooters. Defendant argues that it owed Plaintiff no legal duty and thus each of these claims must fail.

To succeed on a claim of negligence under Georgia law, a plaintiff must show "the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." *Seymour Elec. & Air Conditioning Serv., Inc. v. Statom*, 710 S.E.2d 874, 877 (Ga. Ct. App. 2011). Only a statute or a common law rule can give rise to a legal duty adequate to support negligence liability. *First Fed. Sav. Bank of Brunswick v. Fretthold*, 394 S.E.2d 128, 130 (Ga. Ct. App. 1990). That said, a plaintiff may not recover on a negligence claim when the defendant owed him or her no legal duty. *Boller v. Robert*

*W. Woodruff Arts Ctr., Inc.*, 716 S.E.2d 713, 716 (Ga. Ct. App. 2011). Duty is the "threshold" issue for any negligence claim and, as a question of law, may be decided by a court on a motion to dismiss. *See id.*

Plaintiff argues that, because Defendant had no stations at which its customers could safely dock scooters, it was reasonably foreseeable that "minors or less prudent adults would discard scooters in roadways." (Dkt. 12 at 4, 8.) He claims Defendant thus had a duty to install warning lights on its scooters so innocent bikers and pedestrians would not run into them. (*Id.*) But, Plaintiff's very allegation acknowledges the causal conduct of some unknown person — perhaps a Bird customer who discarded the scooter in the road, a prospective customer who found the scooter out of charge as often happens and tossed it aside, a pedestrian who found the scooter blocking a sidewalk and threw it in the road, or someone else. Plaintiff does not allege that Defendant threw its own scooter into his path. He agrees some other person directly caused his injury.

Under Georgia law, parties generally have no duty to protect a plaintiff from the conduct of a third party. *Shockley v. Zayre of Atlanta, Inc.*, 165 S.E.2d 179, 182 (Ga. Ct. App. 1968) (finding that the defendant

had no duty to protect the plaintiff from the foreseeable and dangerous actions of third parties). While an exception exists where there is a "special relationship" between a defendant and a third party, Georgia courts have only recognized such a relationship when a defendant has legal control over a third party who causes the plaintiff's injuries — that is, when the defendant has the "legal authority to restrain a person's liberty." *Smith*, 873 F.3d at 1351–53; *see Landis v. Rockdale Cty.*, 427 S.E.2d 286, 290 (Ga. Ct. App. 1992). No such relationship existed here between Defendant and the person who intentionally or accidentally threw the scooter in the road. Plaintiff does not allege Defendant had the power to constrain the liberty of whoever did that or had any other special relationship with that person. At best, the unknown person was a customer, at worst a complete stranger. In any event, the special relationship exception is inapplicable.

It may be foreseeable that a customer would discard a scooter in the roadway. Afterall, one need merely to drive through town to see how casually electric scooters of all brands litter sidewalks, parking lots, and roadways. Nevertheless, mere foreseeability of a danger does not give rise to a duty, particularly over someone with whom an entity has little

6

or no control. As stated by the Georgia Court of Appeals, "[n]o matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something it should have done pursuant to the *duty owed the plaintiff.*" *Shockley*, 165 S.E.2d at 182. Because Defendant did not owe Plaintiff a duty of care, each of Plaintiff's negligence claims fails as a matter of law.

In his brief in opposition to Defendant's motion, Plaintiff instead focuses on the "notice pleading" aspect of the Federal Rules and how his complaint "give[s] the defendant fair notice of what the claim is." (Dkt. 12 at 3.) What Plaintiff neglects to consider, however, is that even with proper *notice*, a claim may still be legally without merit and thus subject to dismissal. The Court finds that to be the case here.

### B.   Leave to Amend

In the last paragraph of his response brief, Plaintiff requests leave to amend his complaint. (*Id.* at 8.) Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once within either twenty-one days after serving it or twenty-one days after service of a required responsive pleading or motion filed under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Outside this timeframe, a party may

amend its pleading only with the opposing parties' written consent or leave of the court, which a court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.' " *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In determining whether to grant leave to amend a complaint, a court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Seiger ex rel. Seiger v. Philipp*, 735 F. App'x 635, 637 (11th Cir. 2018) (internal quotation marks omitted). The Court has determined that Plaintiff's complaint, as currently drafted, lacks merit and is legally dead-on-arrival. Yet after considering the factual basis undergirding Plaintiff's allegations, the Court also finds that any amendment would be futile. *See Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293,

8

298 (11th Cir. 2012) ("[J]ustice does not require district courts to waste their time on hopeless cases."). Plaintiff also does not suggest how he would intend to amend his complaint to state properly a claim for relief. Nor does he attach a proposed amended complaint. The Court finds that this is not an instance in which a more carefully drafted complaint might state a claim upon which relief could be granted. *See Brooks v. Branch Banking and Tr. Co.*, 107 F. Supp. 3d 1290, 1304–05 (N.D. Ga. 2015) (denying motion to amend where plaintiff failed to append amended complaint or indicate how she intended to support dismissed claims). The Court thus denies Plaintiff's request to file an amended complaint, as any amendment would be futile.

## IV. Conclusion

The Court **GRANTS** Defendant Bird Rides, Inc.'s Motion to Dismiss (Dkt. 4) and **DISMISSES** Plaintiff Norman Robinson's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SO ORDERED** this 5th day of May, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE